SAVOIE, Judge.
Rolene Corporation, Trois-Amis, Inc., and Louis Koerner appeal the trial court’s judgment maintaining an exception of prescription as to their claims against Russell Bankston, attorney, and his professional liability insurer National Union Fire Insurance Company of Pennsylvania, Pa. (National Union).[1]
PROCEDURAL HISTORY
On July 8, 1982, Rolene filed suit against Trois-Amis, Inc. for a breach of warranty alleging that when Trois-Amis, Inc. sold seven lots to Rolene the titles to the lots contained mineral reservations and lacked a waiver of surface rights. On July 25, 1983, Rolene amended its petition, adding Russell Bankston as a defendant and alleging that Trois-Amis, Inc. and Russell Bank-ston were liable in solido for the alleged defective title. On October 31, 1983, Ro-lene filed another amending petition adding Zachary Development Corporation, Mary Fontenot, J. Thomas Landry and Anthony Amedee as defendants.[2] On September 20, 1984, Zachary Development Corporation, Mary Fontenot, J. Thomas Landry and Anthony Amedee filed a third party demand against Bankston and his liability insurer, National Union. On September 20, 1984, Trois-Amis, Inc. filed a third party demand and a cross claim against Bankston and his liability insurer, National Union. On October 1, 1986, Louis Koerner, Rolene’s former counsel, intervened in the case. On February 22, 1985, Trois-Amis, Inc. filed a separate suit against Bankston and his liability insurer, National Union Fire Insurance. On March 4, 1985, Rolene and Robert Griffis intervened in the second suit. On April 25, 1985, a motion to consolidate the two cases was granted.
FACTS
In January 1979, J.E. Fontenot, J. Thomas Landry and Anthony Amedee (hereinafter referred to as Trois-Amis, Inc.) as vendees entered into an agreement to purchase and sell immovable property with Talmadge D. Bickham, vendor.[3] At that time, Bankston was attorney for the Bank of Zachary. The agreement was brought to Bankston who reviewed it. The agreement contained a mineral reservation but also contained a waiver by the vendor of the surface rights for drilling and the exploration of minerals. After expiration of the agreement to purchase, the same parties entered into a second agreement to purchase with the same reservation of minerals and waiver of surface rights. Sometime before May 31, 1979, Bankston received a copy of an Act of Exchange and the second agreement to purchase from *1091 Kaywald Stafford, attorney for Bickham.[4] The Act of Exchange did not include the waiver of surface rights by Bickham. The record shows that neither of the purchase agreements or the Act of Exchange were prepared by Bankston. According to Bank-ston, he then realized that there was no waiver of surface rights and called Stafford to inform him and to ask him to have a release included. Bankston also testified that he probably relied on Stafford’s representation that he would have a release executed by Bickham, and relying on that representation Bankston told Trois-Amis, Inc. to go forward with the Act of Exchange.
On June 4, 1979, Bankston did a title examination for the Bank of Zachary. On the title certificate, Bankston noted that Bickham had retained all minerals on the property. Also on June 4, 1979, Bankston prepared a construction mortgage for the Bank of Zachary for the property that Trois-Amis, Inc. had just bought. According to the testimony adduced at trial, sometime between May 31, 1979 and June 21, 1979, Trois-Amis, Inc. became aware that the surface rights had not been waived. Trois-Amis, Inc. then informed Bankston about this problem. Bankston then contacted Stafford and asked that Bickham release the surface rights to the property. On June 21, 1979, Bankston wrote a letter to Landry, a principal of Trois-Amis, Inc., and told him that the surface rights would be released sometime in the future. A sale of seven lots of the disputed land took place between Rolene and Trois Amis, Inc. sometime between 1979-1982.
On June 23, 1982, William Bradley, an attorney doing title work for Rolene, informed Rolene by letter that his title examination of the property had revealed that the property was not merchantable. Around this time, Bradley informed Bank-ston that the release of surface rights was not included in the property’s title. Bank-ston testified that after he became aware that the surface rights had not been released he would remind Stafford about the release everytime he saw him. On June 24, 1982, Bankston sent Stafford a letter asking him to release the surface rights.
ACTION OF TRIAL COURT
The trial court found that a one year prescription was applicable to Bankston’s representation(s), that any claims against Bankston had prescribed, and that Trois-Amis, Inc. and Bankston were not liable in solido.
ASSIGNMENTS OF ERROR
The appellants raise or urge the following assignments of error:
1. The court erred in suggesting that there was no representation of The Trois-Amis Group on the part of Russell Bankston.
2. The court erred in holding that Bank-ston’s fault was subject to the prescriptive period of one year.
3. The court erred in finding that the representation made by Bankston with regard to the surface rights did not result in a guarantee or a promise to The Trois-Amis Group.
4. The court erred in finding Bankston was not liable in solido with The Trois-Amis Group and therefore the prescriptive period of one year was not interrupted.
ASSIGNMENT OF ERROR NO. 1
The trial court in its written reasons for judgment did not state that Bankston did not represent Trois-Amis, Inc. The trial court stated that if Bankston was subject to any liability it was with regard to his representation(s) after the Act of Exchange was passed. Although we agree with the trial court, we do not feel that it makes any difference because the prescriptive period for any negligence by Bankston either pri- or to or after the passage of title has run.
ASSIGNMENTS OF ERROR NOS. 2 and 3
The trial court found that Bank-ston’s representations to Trois-Amis, Inc. made one year prescription applicable. This court has previously held that a legal *1092 malpractice action is subject to the one year prescriptive period of LSA-C.C. art. 3492, unless an attorney expressly warranties a particular result or agrees to perform certain work and does nothing whatsoever, in which instance the action would be contractual and the ten year prescriptive period of LSA-C.C. art. 3499 would apply. Succession of Smith v. Kavanaugh, Pierson and Talley, 565 So.2d 990, 993-994 (La.App. 1st Cir.1990). See also Rayne State Bank & Trust Company v. National Union Fire Insurance Company, 483 So.2d 987 (La.1986).
A complete review of the record does not show that Bankston guaranteed or promised that a surface rights release would be executed. We believe that the June 21, 1979 letter from Bankston to a Trois-Amis, Inc. principal reflects the kind of representation that Bankston had undertaken for Trois-Amis, Inc. in getting a release of surface rights. The letter reads in pertinent part: “Stafford is in the process of having Bickham sign a release and this should be completed within the next several days.” In the letter, Bankston was not promising or guaranteeing that a surface rights release would be executed, rather he was only explaining the facts as they were represented to him.
The trial court’s finding that Bankston made no guarantee is amply supported by the evidence. The supreme court set out our standard of review in the case of Rosell v. ESCO, 549 So.2d 840, 844 (La.1989):
It is well settled that a court of appeal may not set aside a trial court’s or a jury’s finding of fact in the absence of ‘manifest error’ or unless it is ‘clearly wrong,’ and where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable.
(Citations omitted). We agree with the trial court’s finding of fact and hold it to be neither clearly wrong nor manifestly erroneous.
The next issue is when prescription commenced to run. In Braud v. New England Insurance Co., 562 So.2d 1116, 1118 (La.App. 4th Cir.1990) the court stated, “It is generally recognized that the commencement of prescription depends on the existence of the following elements: an act, omission or event; knowledge or notice by the victim of the act, omission or event; and, damage sustained as a result thereof.”
The first two requirements are easily met. Although the record is unclear when Rolene and Trois-Amis, Inc. first knew of the alleged act or omission by Bankston, they both knew at least by July 8, 1982, the date Rolene sued Trois-Amis, Inc. for breach of contract for failing to have a waiver of surface rights. Thus, knowledge was had on or before July 8, 1982.
The last element of commencement of prescription is when the damage is sustained. Damages were sustained on July 8, 1982 at the latest for both Rolene and Trois-Amis, Inc. Rolene stated in its July 8, 1982 petition for damages against Trois-Amis, Inc. that it was not able to sell its property because there was no waiver of surface rights in the sale of the property. Thus, Rolene had sustained damage at least by the time it filed suit against Trois-Amis, Inc. Trois-Amis, Inc. sustained damages at the latest when it was sued by Rolene on July 8,1982 for failing to include a surface rights waiver in its sale of land to Rolene.
Thus, since prescription began to run for both Trois-Amis, Inc. and Rolene on July 8, 1982 and since neither of them brought a suit within a year, both actions have prescribed.
ASSIGNMENT OF ERROR NO. 4
The trial court found that Bankston and Trois-Amis, Inc. were not solidary obli-gors. Under Louisiana law, in order for a person to be liable solidary he must first be an obligor. LSA-C.C. art. 1786. In order for Bankston to be liable in solido with Trois-Amis, Inc. to Rolene, Bankston must first have an obligation to Rolene. The record reflects no evidence that Bankston had any contractual or tortious relationship with Rolene. The only dealings that Bank- *1093 ston had with regard to the surface rights was with Trois-Amis, Inc. The record reflects that Rolene did not become involved with the land until several years after title had passed from Bickham to Trois-Amis, Inc. The absence of any dealings between Bankston and Rolene clearly shows that no obligation could exist between Rolene and Bankston. Therefore, since Bankston had neither a contractual duty nor a duty arising out of any representation he made to Rolene, Bankston was not an obligor to Rolene for any purposes and could not therefore be considered a solidary obligor with Trois-Amis, Inc.
For the above and foregoing reasons, the trial court’s decision is affirmed. All costs of this appeal are to be paid by appellants.
AFFIRMED.

. The principals and incorporators of Trois-Amis, Inc. are J.E. Fontenot, J. Thomas Landry, and Anthony Amedee.

. The petition alleged that Zachary Development Corporation had the same principals as Trois-Amis, Inc. except for Mary Fontenot, wife of J.E. Fontenot, who continued in his stead after his death.

.As explained in footnote 1, Trois-Amis, Inc. consisted of three principals — Landry, Fontenot, and Amedee. The principals originally acquired the property and after title was passed to them by Bickham they transferred the property to Trois-Amis, Inc. after its incorporation in June, 1979.

. The act of exchange was the instrument used to transfer title.